UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEPHEN E. SPELMAN

    Plaintiff,

v.

DANA K. CHIPMAN

    Defendant.

Case: 1:13-cv-01134 (RJL)

FILED
NOV 04 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

MEMORANDUM OPINION
(November 2, 2013) [Dkt. #3]

On July 25, 2013, plaintiff Stephen Spelman ("plaintiff" or "Spelman") filed suit against defendant Lieutenant General Dana K. Chipman, the Judge Advocate General of the United States Army ("defendant" or "TJAG"), alleging violations of the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.* See Compl. ¶¶ 102–116. The same day, plaintiff filed a Motion for Temporary Restraining Order ("TRO") and a Motion for Preliminary Injunction seeking to enjoin defendant from taking disciplinary action against plaintiff and notifying plaintiff's bar licensing authorities thereof. See Pl.'s Mot. for TRO [Dkt. #2]; Pl.'s Mot. for Preliminary Injunction ("PI Mot.") [Dkt. #3]. On July 26, 2013, this Court declined to issue a TRO and set a date to hear argument on plaintiff's Motion for Preliminary Injunction. The parties briefed the motion, and an oral argument was held on August 20, 2013. After due consideration of the pleadings and oral argument, plaintiff's Motion for Preliminary Injunction is DENIED.

1

## BACKGROUND

Plaintiff is an attorney licensed to practice in Massachusetts, Connecticut, and New York. Compl. ¶ 6. He currently resides and practices law in Massachusetts. Compl. ¶ 7. Plaintiff is also a member of the Army Retired Reserve. *See* Defendant's Appendix ("Def. App.") [Dkt. #7-1] A1. Plaintiff enlisted in the Regular Army as a Private in 1982. Compl. ¶ 8. He attended law school from 1988 to 1991, during which time he served in the U.S. Army Reserve. Compl. ¶¶ 10–13. Plaintiff became a member of the Judge Advocate General's Corps (JAGC) in 2000. Compl. ¶ 15.

In September 2012, plaintiff pled guilty in a general court-martial to offenses related to an extramarital affair he had with a subordinate officer-attorney in 2008 and 2009 while they were stationed in Iraq. *See* Def. App. A1, 2–10, 21–23. He was sentenced to sixty days confinement, ordered to forfeit $4,000 of pay per month for five months, and reprimanded for his conduct. Def. App. A21. Following execution of his sentence, plaintiff elected reassignment to the Retired Reserve rather than a "separation action under Army Regulation 135-175, paragraph 2–11." *See* Def. App. A1. Plaintiff entered the Retired Reserves on February 1, 2013. Compl. ¶ 29. Prior to doing so, however, he notified each of his state bar licensing authorities and clients of his general court-martial conviction.

On February 12, 2013, the Professional Responsibility Branch ("PRB") of the Office of the Judge Advocate General notified plaintiff that it had reviewed the allegations of professional misconduct that were the basis of plaintiff's court-martial conviction. Def. App. A31–33. Plaintiff was given an opportunity to respond to the

allegations and was informed that TJAG would make the ultimate decision regarding disciplinary action. *Id.* In letters dated February 19 and March 5, 2013, plaintiff disputed the PRB's allegations of professional misconduct and contested TJAG's authority to discipline him further. *See* Def. App. A34–37.

On June 13, 2013, TJAG notified plaintiff of his intent to impose the following disciplinary actions against plaintiff for violating Rule 8.4 of the Army Rules of Professional Conduct for Lawyers: (1) withdrawal of plaintiff's certification under Article 27(b) of the Uniform Code of Military Justice ("UCMJ"); (2) indefinite suspension from practice before Army Courts (3) indefinite suspension from practice under TJAG; and (4) notification of plaintiff's state bars of the withdrawal and suspensions. *See* Def. App. A39–40. On June 25, 2013, plaintiff submitted a rebuttal, again arguing that TJAG lacked statutory and regulatory authority to take such disciplinary action against him given that he was no longer in the active Army. *See* Def. App. A49–60. The same day, plaintiff filed his complaint and motions for a TRO and preliminary injunction in this Court.

A hearing was set on plaintiff's Motion for a TRO for the afternoon of July 26, 2013. Prior to the hearing, government counsel informed plaintiff that TJAG had already decided to take the disciplinary action outlined in the June 13, 2013 letter. *See* Def. App. A62. On August 5, 2013, however, TJAG temporarily suspended the disciplinary action and notification of plaintiff's bar licensing authorities pending this Court's ruling on plaintiff's Motion for Preliminary Injunction. *See* Def.'s Notice [Dkt. #6].

## ANALYSIS

A preliminary injunction is an "extraordinary and drastic remedy," *Munaf v. Geren*, 553 U.S. 674, 689 (2008), and "courts should grant such relief sparingly," *Konarski v. Donovan*, 763 F. Supp. 2d 128, 133 (D.D.C. 2011). The factors a court must consider in determining whether to grant injunctive relief are, of course, familiar: (1) whether plaintiff has a substantial likelihood of success on the merits; (2) whether plaintiff will suffer irreparable harm if the injunction is not granted; (3) whether the injunction will substantially injure other interested parties; and (4) whether the injunction would further the public interest. *See Smoking Everywhere, Inc. v. U.S. Food & Drug Admin.*, 680 F. Supp. 2d 62, 66 (D.D.C. 2010). While some courts apply these factors on a sliding scale, "the movant must, at minimum demonstrate that irreparable injury is *likely* in the absence of an injunction." *GEO Specialty Chemicals, Inc. v. Husisian*, 923 F. Supp. 2d 143, 147(D.D.C. 2013) (citations and quotations omitted) (emphasis in original). "A mere possibility of irreparable harm is not enough, and a court may refuse to issue an injunction without considering any other factors when irreparable harm is not demonstrated." *Id.* (citing *Winter v. Natural Resources Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).

Plaintiff here cannot demonstrate that he will likely suffer irreparable injury under the "high standard" set by our Circuit. *See Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006). Under that standard, a movant must demonstrate that the injury about which he complains is "both certain and great" and "of such imminence that there is a 'clear and present' need for equitable relief to prevent

4

irreparable harm." *Id.* (quoting *Wisc. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)). Here, plaintiff alleges that he will be irreparably harmed by defendant's imposition of professional discipline and subsequent notification of his court-martial conviction to his respective bar licensing authorities. According to plaintiff, if this Court does not issue preliminary injunctive relief, "[he] will be confronted with a situation in which the defendant has taken action without authorization, yet the plaintiff will [sic] no recourse, either with the Army, with his state and federal bar disciplinary authorities, or with respect to his reputation in his community and with his clients." *See* PI Mot. at 16. I disagree.

Plaintiff's allegations as to irreparable harm are not persuasive. First, preliminary injunctive relief cannot prevent TJAG from withdrawing plaintiff's certification under UCMJ Article 27(b) and indefinitely suspending him from practicing before Army Courts or under TJAG. Clearly, TJAG has that authority. Indeed, that disciplinary action was effectively taken by TJAG *prior* to the TRO hearing on August 26, 2013, leaving as the only remaining issue TJAG's notification of plaintiff's bar licensing authorities. Plaintiff understandably fears that such notification *could* lead to reciprocal sanctions by his bar licensing authorities as well as possible reputational injury.[1] *See* Pl.'s Reply [Dkt. #13] at 9–11. This fear alone, however, is not enough to warrant such extraordinary relief, especially where plaintiff has not offered any evidence to substantiate his claim that such harm will likely occur. *See Comm. in Solidarity with People of El Sal. (CISPES) v.*

---

[1] Plaintiff acknowledged that he does not currently represent, nor does he plan to represent in the future, any parties before any Army Courts.

*Sessions*, 929 F.2d 742, 745–46 (D.C. Cir. 1991) (declining to issue injunctive relief "to prevent injuries neither extant nor presently threatened, but only merely feared"). Indeed, plaintiff acknowledged that he had already notified his bar licensing authorities and clients in 2012 of his general court-martial conviction, Compl. ¶ 43, and none of the authorities in the three states where plaintiff is licensed have taken any action, to date, against him, Compl. ¶ 97. Moreover, as to possible reputational damage within his community, plaintiff has offered no evidence that such harm has either occurred or would likely be irreparable in nature. *See Sampson v. Murray*, 415 U.S. 61, 91 (1974); *Deaver v. Seymour*, 822 F.2d 66, 69 (D.C. Cir. 1987).

Having failed to establish that irreparable injury would likely result from a denial of plaintiff's motion, the Court need not reach the other factors necessary to warrant preliminary injunctive relief. *See CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995).

## CONCLUSION

For all of the foregoing reasons, this Court concludes that plaintiff has failed to carry his burden of persuasion with respect to his request for preliminary injunctive relief. Accordingly, plaintiff's Motion for Preliminary Injunction [Dkt. #3] is DENIED. An appropriate order will issue with this Memorandum Opinion.

RICHARD J. LEON
United States District Judge